CORRIGAN, J.,
Concurring and Dissenting.—I concur in the judgment, but dissent with regard to the lying-in-wait issue. (Maj. opn., ante, at pp. 549-552.) The murder in this case was an ambush, unlike the murder in People v. Carter (2005) 36 Cal.4th 1215 [32 Cal.Rptr.3d 838, 117 P.3d 544], the only case on which the majority relies to reach its contrary conclusion. In Carter, the defendant broke through the victim’s front door. (Id. at p. 1261.) Here, defendant snuck up on his victims from behind as they sat unsuspecting in the front seats of a car, and shot them through an open rear passenger window. These facts are nothing like those in Carter.
The majority does not question the sufficiency of the evidence that defendant concealed his purpose and perpetrated a surprise attack on his unsuspecting victims from a position of advantage. It finds the evidence lacking only as to the “substantial period of watching and waiting” element of the lying-in-wait special circumstance. (People v. Morales (1989) 48 Cal.3d 527, 557 [257 Cal.Rptr. 64, 770 P.2d 244].) It reasons that because the evidence did not establish whether defendant arrived at the scene before his victims, it cannot be said there was a period of watchful waiting. I disagree.
As the majority recognizes, the period of watching and waiting required for the lying-in-wait special circumstance need be no longer than the time required to form the mental state of premeditation or deliberation. (Maj. opn., ante, at p. 550.) The majority recounts that defendant rode his bicycle to the parking lot where he had reason to believe the victims would be waiting before work. He concealed his bicycle before approaching the victims from the rear. (Id. at p. 551.) We also know from the testimony of an eyewitness that defendant ran away on foot after making sure his victims were dead by returning to the car to shoot again. Even if defendant arrived at the parking lot after the victims did, these facts indicate that he took the time to hide his bicycle some distance away from the victims’ car.
There is no question that defendant had time to premeditate and deliberate this murder while he went from where he left the bicycle to the car. Surely the majority would not overturn a first degree murder verdict on these facts for insufficient evidence of premeditation or deliberation. Under settled law, recited by the majority and explained to the jury in the special circumstance *575 instructions, ‘“[t]he lying in wait need not continue for any particular period of time provided that its duration is such as to show a state of mind equivalent to premeditation or deliberation.” (CALJIC No. 8.81.15 (1989 rev.) (5th ed. 1988) (Special Circumstances—Murder While Lying in Wait); see, e.g., People v. Mendoza (2011) 52 Cal.4th 1056, 1073 [132 Cal.Rptr.3d 808, 263 P.3d 1]; People v. Moon (2005) 37 Cal.4th 1, 23 [32 Cal.Rptr.3d 894, 117 P.3d 591]; maj. opn., ante, at p. 550.)[1]
Reviewing the record in the light most favorable to the jury’s determination, as the majority acknowledges we must, the evidence of watchful waiting was plainly sufficient. (Maj. opn., ante, at p. 550.) The jury could reasonably find that after concealing his bicycle, defendant engaged in ‘“a substantial period of watching and waiting for an opportune time to act.” (People v. Morales, supra, 48 Cal.3d at p. 557.) Whether he arrived at the scene first or his victims did, it is inferable that as he approached the car from behind, he was watching the victims for any sign they might discover his presence, and waiting until he was in position to shoot them before they did.
Chin, J., concurred.
Appellant’s petition for a rehearing was denied September 21, 2017, and the opinion was modified to read as printed above.

 The majority does not question our precedent approving this rule. It cites People v. Sandoval (2015) 62 Cal.4th 394, 424 [196 Cal.Rptr.3d 424, 363 P.3d 41], for the proposition that “the fact that there was substantial evidence of premeditation and deliberation does not necessarily mean there was substantial evidence of watching and waiting for an opportune time to act.” (Maj. opn., ante, at p. 552.) Sandoval, however, says only that “a conclusion that there was insufficient evidence of lying-in-wait murder does not mean there was no premeditation and deliberation, but only that these mental states must be established by another route.” (Sandoval, at p. 424.)